FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02727-BNB

JUSTIN RUEB, #94567, also known as
    JUSTIN J. RUEB, and as
    JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
EUGENE ATHERTON,
DENNIS BURBANK,
BRIAN BURNETT,
ANTHONY DECESARO,
JOHN DOE #1,
JOHN DOE #2,
JOHN DOE #3,
SUSAN JONES,
DONICE NEAL,
JOE ORTIZ,
LARRY REID,
WILLIAM RICHTER,
DAN SCHLESSINGER, and
JOHN SUTHERS,

    Defendants.

---

## DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Justin Rueb, also known as Justin J. Rueb and Justin Joseph Rueb, and fourteen other Plaintiffs, all of whom allegedly then were prisoners in the custody of the Colorado Department of Corrections (DOC), attempted to initiate this action by submitting a letter to the Court and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the disciplinary sentences to punitive segregation that allegedly are

disproportionately long for administrative segregation inmates at the Colorado State Penitentiary. The Plaintiffs, all *pro se*, sought leave to proceed jointly. Only Mr. Rueb submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On November 15, 2010, the Court denied joinder in this action; dismissed without prejudice all Plaintiffs except the first named Plaintiff, Justin Rueb; and allowed the dismissed Plaintiffs to initiate separate actions, if they chose. In addition, the Court ordered Mr. Rueb to cure certain deficiencies in the case, including either to pay the $350.00 filing fee or to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. He also was ordered to provide addresses for each named defendant. On November 30, 2010, Mr. Rueb cured the designated deficiencies.

On March 17, 2011, Mr. Rueb appealed, *inter alia*, from the November 15 order denying joinder. On May 16, 2011, the United States Court of Appeals for the Tenth Circuit dismissed the appeal for lack of jurisdiction because no final or appealable orders had been entered by this Court.

The Court must construe Mr. Rueb's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Rueb will be ordered to file an amended complaint.

In the complaint, Mr. Rueb argues that prison officials have conspired to punish Colorado State Penitentiary inmates in administrative segregation with excessively long disciplinary sentences to punitive segregation. Mr. Rueb is entitled to assert his own claims, but not the claims of others. *See* 28 U.S.C. § 1654 (providing that parties "may plead and conduct their own cases personally"). In addition, the complaint is unnecessarily verbose.

Mr. Rueb's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of

3

Rule 8. In order for Mr. Rueb to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Rueb fails to set forth a short and plain statement of his claims showing he is entitled to relief. He also fails to explain in a simple manner the role each named defendant played in the alleged constitutional violations. Mr. Rueb is a sophisticated *pro se* litigant. He previously has been told that piecing together his allegations and speculating about his claims is not a judicial function. Nor is it the responsibility of the defendants. Mr. Rueb must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Rueb must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Rueb will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Rueb must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Rueb must assert the personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rueb must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Rueb may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr.

Rueb uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Rueb, therefore, will be directed to file an amended complaint that states his claims clearly and concisely and legibly, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Justin Rueb, also known as Justin J. Rueb and Justin Joseph Rueb, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rueb, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Rueb fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02727-BNB

Justin Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above named individuals on May 19, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk