IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02727-BNB

JUSTIN RUEB, #94567, also known as
    JUSTIN J. RUEB, and as
    JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
EUGENE ATHERTON,
DENNIS BURBANK,
BRIAN BURNETT,
ANTHONY DECESARO,
JOHN DOE #1,
JOHN DOE #2,
JOHN DOE #3,
SUSAN JONES,
DONICE NEAL,
JOE ORTIZ,
LARRY REID,
WILLIAM RICHTER,
DAN SCHLESSINGER, and
JOHN SUTHERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -6 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER OF DISMISSAL WITH PREJUDICE

---

I. Background

Plaintiff, Justin Rueb, also known as Justin J. Rueb and Justin Joseph Rueb, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. On November 8, 2010, he and fourteen other Plaintiffs, all of whom were prisoners in DOC custody, submitted a letter to the Court (ECF No. 3) and a prisoner complaint pursuant to 42 U.S.C. § 1983

(ECF No. 2) challenging the disciplinary sentences to punitive segregation that allegedly are disproportionately long for administrative segregation inmates, apparently incarcerated at the Colorado State Penitentiary. Only Mr. Rueb submitted a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. *See* ECF No. 1. Plaintiffs, all *pro se*, sought to proceed jointly. On the same day, Mr. Rueb and other Plaintiffs initiated two other actions. *See Rueb v. Zavaras*, No. 10-cv-02725-BNB (D. Colo. filed Nov. 8, 2010), and *Rueb v. Zavaras*, No. 10-cv-02726-BNB (D. Colo. filed Nov. 8, 2010).

On November 15, 2010, the Court, *inter alia*, denied joinder in this action, dismissed without prejudice all Plaintiffs except Mr. Rueb, and allowed the dismissed Plaintiffs to initiate a separate action if they chose. *See* ECF No. 4. The November 15 order directed Mr. Rueb within thirty days to cure certain enumerated deficiencies. Specifically, Mr. Rueb was directed either to pay the full $350.00 filing fee or to file a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The November 15 order also directed him to provide the address for each named Defendant. The order warned Mr. Rueb that if he failed to cure the designated deficiencies as directed within the time allowed the complaint and the action would be dismissed without further notice.

On December 3, 2010, Mr. Rueb filed a motion titled "Motion for Appointment of Counsel, and Combined Motion for 'Class Action' Certification, and Motion for Reconsideration of the Court's 11-12-10 and 11-15-10 Misjoinder Orders" (ECF No. 8) in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB. On December 14, 2010, Mr. Rueb filed a "Motion for Extension of Time to Arrange for Disposition of

Plaintiff Lawsuit Copies and Information Packets Prepared and Mailed to the Court by Plaintiff Rueb." *See* ECF No. 9. On December 15, 2010, Magistrate Judge Boyd N. Boland entered a minute order denying Mr. Rueb's request that the Court return to him by mail the information packets and other materials he mailed to the Court. *See* ECF No. 10. The minute order, however, granted his request for an extension of time and allowed him up to and including February 1, 2011, in which to make arrangements for all materials to be mailed or picked up at his expense. The minute order warned Mr. Rueb that if he failed to have all materials mailed or picked up at his expense within the time allowed the materials would be destroyed.

On February 18, 2011, Mr. Rueb filed a "Motion for Case Status Updates" in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB. *See* ECF No. 12. Also on February 18, Mr. Rueb filed a separate "Motion for an Order Ordering the Court Clerk's Office to Mail Plaintiff Rueb a Court-Stamped Copy of the Title Pages for Each of the Three Civil § 1983 Complaints (02725, 02726, and 02727)." *See* ECF No. 13.

On February 22, 2011, the Court denied the "Motion for Appointment of Counsel, and Combined Motion for 'Class Action' Certification, and Motion for Reconsideration of the Court's 11-12-10 and 11-15-10 Misjoinder Orders" (ECF No. 14) by denying the motion for appointment of counsel as premature, the motion for class action certification because Mr. Rueb was proceeding *pro se* and may not represent a class without counsel, and the motion for reconsideration of the orders denying permissive joinder and dismissing Plaintiffs other than Mr. Rueb entered in the above-referenced cases on November 12, 2010 (No. 10-cv-02726-BNB), and November 15, 2010 (Nos. 10-cv-02525-BNB and 10-cv-02727-BNB). *See* ECF No. 12. The Court reminded Mr. Rueb

3

that he was entitled to represent himself, but not other individuals, i.e., the dismissed Plaintiff.

On March 2, 2011, the Court granted Mr. Rueb leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. *See* ECF No. 15. The March 2 order also denied the "Motion for Case Status Updates" in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB (ECF No. 12) as moot and denied the "Motion for an Order Ordering the Court Clerk's Office to Mail Plaintiff Rueb a Court-Stamped Copy of the Title Pages for Each of the Three Civil § 1983 Complaints (02725, 02726, and 02727)" (ECF No. 13), informing Mr. Rueb that he may obtain copies of the electronic documents filed in this action, including the title pages to the complaints in the three designated lawsuits, at a cost of fifty cents per page, to be paid in advance. The Court advised Mr. Rueb that he should not submit to the Court any documents he may want copies of because the Court's electronic filing system does not allow the Court to maintain paper copies.

On March 17, 2011, Mr. Rueb appealed from the February 22 order. *See* ECF No. 16. On March 24, 2011, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) consolidated the appeals Mr. Rueb filed in Nos. 10-cv-02525-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB; tolled briefing on the merits; and directed Mr. Rueb to file within thirty days a memorandum brief on the issue of whether the Tenth Circuit had jurisdiction where the orders being appealed were not final and did not appear to meet any exceptions to the final judgment rule, 28 U.S.C. § 1291. *See* ECF No. 24.

On April 8, 2011, Mr. Rueb filed in Nos. 10-cv-02725, 10-cv-02726, and 10-cv-02727 a "Motion for the Court to Grant the 3 Above-Entitled Cases Leave to Move

Forward, and Service on the Defendants." See ECF No. 18. On April 11, 2011, Magistrate Judge Boland entered a minute order (ECF No. 19) denying as premature the April 8 motion asking for each case to "move forward" as "nonfrivolous" because Mr. Rueb had appealed (ECF No. 14) from the Court's order denying permissive joinder (ECF No. 4), and the disposition on appeal could affect the Plaintiff or Plaintiffs entitled to proceed. On May 16, 2011, the Tenth Circuit dismissed the appeals in Nos. 10-cv-02525-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB for lack of jurisdiction because no final or appealable orders had been entered by this Court and the orders being appealed did not satisfy any exceptions to the final judgment rule. See ECF No. 25.

On May 19, 2011, Magistrate Judge Boland ordered Mr. Rueb to file within thirty days an amended complaint that asserted his own claims but not the claims of others, complied with Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation by each named Defendant. See ECF No. 26. On June 17, 2011, Mr. Rueb filed in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB a document titled "Motion to Alter and Amend Judgement [sic]" (ECF No. 27), in which he objected to the May 19 order, argued that the complaint only contained five pages of factual allegations, anticipated the myriad ways in which Defendants might challenge the legal sufficiency of the complaint in each case, complained that the Court was forcing him to remove the factual information he would need to have a legally sufficient complaint, and maintained that the Rule 8 standard had been rendered unconstitutional by *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), neither of which held Rule 8 to be unconstitutional, and "both of which provide the determinative test" for whether a complaint meets the requirements of Fed. R. Civ. P.

8(a)(2) and 12(b)(6) "for assessing whether it is legally sufficient to state a claim for which relief may be granted." See *Phillips v. Bell*, 365 Fed. App'x 133, 138 (10th Cir. 2010). Nowhere in his "Motion to Alter and Amend Judgement [sic]" did Mr. Rueb address the Court's directive that he assert his own claims and not the claims of others.

On June 30, 2011, the Court entered an order treating the "Motion to Alter and Amend Judgement [sic]" as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), overruling the objection, granting Mr. Rueb an additional twenty days in which to file an amended complaint, and warning him that, if he failed to file an amended complaint as directed within the time allowed, the complaint and the action would be dismissed without further notice. See ECF No. 28.

Mr. Rueb did not meet the twenty-day deadline. Instead of filing the amended complaint as directed, Mr. Rueb, on July 22, 2011, filed in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB a document titled "Reply to Judge Babcock's 6-30-11 'Order Overruling Objection,' and Motion for Appointment of Counsel, or 'Advisory Counsel,'" a thirty-three page document explaining why he believed he was unable to comply with the order for an amended complaint. See ECF No. 29. He complained he had been trying to initiate Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB for over three and a half years, and that one of the actions originally was filed as *Rueb v. Zavaras*, No. 09-cv-00072-ZLW (D. Colo. July 16, 2009), and he attached as exhibits one, two, and three selected pages from the amended complaint he filed in No. 09-cv-00072-LTB. See *id.* at ECF No. 21. He also attached as exhibit four the Tenth Circuit's affirmance of the dismissal. The Court notes that in No. 09-cv-00072-ZLW, Mr. Rueb failed to file a second amended complaint that complied with Fed. R. Civ. P. 8

within the time allowed after the Court afforded him the opportunity to do so. **See** *id.* at ECF Nos. 113 and 117; **see** *also* attached appendix at No. 16.

In the "Reply to Judge Babcock's 6-30-11 'Order Overruling Objection,' and Motion for Appointment of Counsel, or 'Advisory Counsel,'" he also reiterated arguments from his "Motion to Alter and Amend Judgement [sic]," and complained that he was being forced to endure in the instant action the "same torment and unjustified hardship," **see** ECF 27 at 2, he endured in **Rueb v. Colorado Dep't of Corrections**, No. 01-cv-02004-REB-MJW (D. Colo. Dec. 17, 2002), **see** attached appendix at No. 7, which he contended the Court dismissed as punishment for his compliance with multiple orders for amended complaints requiring "several hundred hours" of "tedious manual labor." **See** ECF 27 at 2. According to the Court's docketing records, the amended complaint in No. 01-cv-02004-REB-MJW was dismissed in part as legally frivolous (ECF No. 37) and in part on summary judgment (ECF No. 126). In addition, the Court denied Mr. Rueb's motion for class certification (ECF No. 64).

The Court need not continue repeating here Mr. Rueb's self-pitying comments in the "Reply to Judge Babcock's 6-30-11 'Order Overruling Objection,' and Motion for Appointment of Counsel, or 'Advisory Counsel.'" Suffice it to say, Mr. Rueb clearly fails, or refuses, to comprehend that it is not the quantity of facts alleged but their quality and relevance to him that makes for an acceptable complaint.

On July 26, 2011, the Court denied by minute order (ECF No. 30) Mr. Rueb's request for appointment of counsel. On August 3, 2011, the Court ordered Mr. Rueb to show cause within twenty days why the instant action should not be dismissed with prejudice for his failure to comply with the May 19 order for an amended complaint. **See**

ECF No. 31. The August 3 order also warned Mr. Rueb that if he failed to show cause, sanctions, including but not limited to dismissal of the instant action with prejudice, may be imposed against him.

On August 26, 2011, Mr. Rueb filed in Nos. 10-cv-02725-BNB, 10-cv-02726-BNB, and 10-cv-02727-BNB a reply to the August 3 order, again explaining why he believed he was unable to comply with the order for an amended complaint. *See* ECF No. 32. In addition to reiterating and paraphrasing arguments previously raised in his "Motion to Alter and Amend Judgement [sic]" and "Reply to Judge Babcock's 6-30-11 'Order Overruling Objection,' and Motion for Appointment of Counsel, or 'Advisory Counsel,'" Mr. Rueb alleged he had no idea what information to include or leave out of the amended complaint, an assertion the Court finds questionable given his sophistication as a *pro se* litigant. However, he did address the Court's directive in the order for an amended complaint that he assert his own claims and not the claims of others. He pointed out that the asserted claims were and always had been his personal claims, thus underscoring the dismissed co-Plaintiffs' irrelevance to the instant action and eliminating any reason why he should not have filed an amended complaint clearly asserting his claims and his claims only. Apparently, Mr. Rueb expects the Court and Defendants to do what he should have done originally, i.e., construe the complaint as only asserting his claims. That is not the Court's or Defendants' responsibility, but rather Mr. Rueb's responsibility, and responding to the order for an amended complaint with an amended complaint would have given him an opportunity to assert those claims.

For the reasons stated below and the entire record herein, the Court concludes that dismissing the complaint and the action is warranted for Plaintiff's continuing willful

disobedience of Court orders and consistently abusive and dilatory litigation conduct.

II. Discussion

Although Mr. Rueb proceeds without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. Moreover, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. See *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); see also *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Mr. Rueb has disregarded this Court and Magistrate Judge Boland's explicit orders regarding the timely filing of an amended complaint, thereby unduly delaying the resolution of this matter.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. See *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. See *id*. See also *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). See also *Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

9

Typically, noncompliance with procedural orders results in dismissal without prejudice. *See Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722 (10th Cir. 2011) (affirming the district court's dismissal without prejudice of the plaintiff's case for his lack of prosecution, because the plaintiff failed to comply with the district court's instruction regarding the filing of an amended complaint); *Todd v. Patterson*, 397 F. App'x 473 (10th Cir. 2010) (unpublished) (affirming dismissal with prejudice for failure to state a claim and for failure to comply with a court order to amend a deficient complaint); *Griffin v. Dunn*, 355 F. App'x 238 (10th Cir. 2009) (affirming dismissal without prejudice of case where *pro se* plaintiff failed to comply with an order instructing him to file an amended complaint); *Durham v. Lappin*, 346 F. App'x 330 (10th Cir. 2009) (affirming dismissal without prejudice of a *pro se* prisoner plaintiff's lawsuit because the prisoner failed to comply with court order to file an amended complaint on the court-approved complaint form); *Wallin v. Dycus*, 224 F. App'x 734 (10th Cir. 2007) (affirming dismissal without prejudice based on *pro se* prisoner plaintiff's failure to timely file an amended complaint).

However, dismissal with prejudice may be appropriate in certain circumstances. "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Id.* Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

In *Ehrenhaus*, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed the dismissal of the plaintiff's claims with prejudice. The *Ehrenhaus* plaintiff wilfully failed to comply with two court orders. *Id.* at 921. In *Cosby v. Meadors*, 351 F.3d 1324, 1331-32 (10th Cir. 2003), the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice, even though the plaintiff was an inmate proceeding *pro se*, because he did not comply with the court orders outlining his filing fee payment obligations.

Here, not only did Mr. Rueb not comply with Court orders, but he also impeded the Court's, and ultimately Defendants', ability to proceed in this litigation. Comparing this Plaintiff's conduct to that of the *Ehrenhaus* and *Cosby* plaintiffs, the Court concludes that dismissal with prejudice is an appropriate sanction.

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to file in a timely manner a governing pleading conforming to the order for an amended complaint adversely affects Defendants' proceeding in this matter by keeping the lawsuit in limbo. The absence of a governing pleading impedes the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. The pervasive jockeying by Plaintiff for more time, coupled with failure to comply with ordered

11

deadlines, is inconsistent with the true adjudication of an adverse and nonfrivolous dispute.

In satisfaction of the second factor, Mr. Rueb's continued noncompliance with the judicial process by failing to comply with the Court's orders throughout the entire litigation flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Mr. Rueb's persistent failure to comply with the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn disproportionately increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Mr. Rueb to proceed in this action by curing deficiencies and filing an amended complaint, and provided him multiple opportunities to do so. The record of Mr. Rueb's failure to comply with the Court's orders leads the Court to believe Plaintiff is willfully culpable under these circumstances. Furthermore, the warnings in the Court's order of November 15, 2010 (ECF No. 4); June 30, 2011 (ECF No. 28); and August 3, 2011 (ECF No. 31); gave Mr. Rueb ample notice that this suit could be dismissed as a result of his failure to prosecute this action by properly complying with Court orders of any kind, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court concludes that dismissal with prejudice is warranted here. As stated, dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice

for determination of willfulness); *Cosby*, 351 F.3d at 1334 ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Mr. Rueb has failed to file an amended complaint, which was supposed to be filed and docketed in June 2011. He has failed to show cause why he is unable to do so. As discussed above, Mr. Rueb, in various responses to the order for an amended complaint, has attempted to shift responsibility – and blame – for his inability to file an amended complaint to the Court. He is unduly delaying the resolution of this action, and taking advantage of § 1915, which exists for indigent individuals who truly need to proceed *in forma pauperis*, by starting a case and then refusing to comply with the orders in the case and/or by failing to prosecute. *See, e.g.*, attached appendix at Nos. 2, 3, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21. He continues to attempt the same unsuccessful tactics, such as moving for class certification and permissive joinder, in his lawsuits. *See, e.g.*, attached appendix at Nos. 7, 16, 18, 19, 20.

Considering Mr. Rueb's refusal to respect the Court's authority by complying with explicit instructions, the efficacy of lesser sanctions, that is, dismissal without prejudice, will not curb this Plaintiff's conduct and would unduly prejudice Defendants. Should this have been the first, or even second, instance of noncompliance by Mr. Rueb, dismissal without prejudice would be more appropriate. However, through his conduct in this litigation, and in other Court actions, *see, e.g.*, attached appendix at No. 17, Plaintiff has demonstrated unduly dilatory and abusive litigation conduct and a clear record of willful disregard for Court orders and procedure. For these reasons, dismissal with prejudice is warranted.

### III. Conclusion

Based upon the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court will dismiss this matter with prejudice.

Accordingly, it is

ORDERED that the complaint and action are dismissed with prejudice.

DATED at Denver, Colorado, this __6th__ day of ___October___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02727-BNB

Justin Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above named individuals on October 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk

<u>Appendix</u>

Civil Actions Initiated in the District of Colorado by Plaintiff Justin Rueb
Also known as Justin J. Rueb and as Justin Joseph Rueb
Or in Which Mr. Rueb Received 28 U.S.C. § 1915(g) "Strikes" for Frivolous Filings

1
***Marioneaux v. Colorado State Penitentiary***, No. 78-cv-01065-JLK (D. Colo. Oct. 18, 1990): Appeals (ECF No. 134) by Mr. Rueb and another individual in Nos. 10-1011 and 10-1037 (10th Cir. Oct. 14, 2010), from the Court's denial (ECF Nos. 113, 129) of motions to intervene in and enforce a consent decree entered in 1981 by the Court in this case, closed since 1990. Appeals dismissed as frivolous under the Prison Litigation Reform Act, 28 U.S.C. § 1915.

2
***Rueb v. Shearer***, No. 98-cv-01849-ZLW (D. Colo. Jan. 21, 1999): 42 U.S.C. § 1983 action. Complaint and action dismissed without prejudice for failure to submit an amended complaint as ordered or communicate with the Court in any way.

3
***Rueb v. Wilbourne***, No. 99-cv-00496-ZLW (D. Colo. Apr. 23, 1999): 42 U.S.C. § 1983 action. Amended complaint and action dismissed without prejudice for Plaintiff's failure to cure designated deficiencies as ordered within the time allowed.

4
***Rueb v. Morales***, No. 99-cv-01093-REB-PAC (D. Colo. Jan. 5, 2007): 42 U.S.C. § 1983 action. Third amended complaint dismissed with prejudice by stipulation.

5
***New Times, Inc. v. Ortiz***, No. 00-cv-00612-RPM-OES (D. Colo. Aug. 10, 2004): Appeal (ECF No. 181) by nonparty Mr. Rueb from this Court's denial (ECF No. 169) of Mr. Rueb's motions to enforce consent decree (ECF Nos. 159, 164) and this Court's grant of Mr. Ortiz's motion for termination of jurisdiction relating to enforcement of the settlement agreement (ECF No. 163). Appeal dismissed as frivolous, and Mr. Rueb assessed "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See* No. 09-1515 (10th Cir. June 24, 2010).

6
***Rueb v. Colorado Dep't of Corrections***, No. 00-cv-02423-ZLW (D. Colo. Apr. 18, 2001): 42 U.S.C. § 1983 action. Amended complaint and action dismissed without prejudice for failure to comply with order for amended complaint that complied with pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

7
***Rueb v. Colorado Dep't of Corrections***, No. 01-cv-02004-REB-MJW (D. Colo. Dec. 17, 2002): 42 U.S.C. § 1983 action. Amended complaint dismissed in part as legally

frivolous (ECF No. 37) pursuant to 28 U.S.C. § 1915 and in part on summary judgment (ECF No. 126). Motion for class certification denied (ECF No. 64).

8
***Rueb v. Colorado State Prison***, No. 02-cv-00009-ZLW (D. Colo. Feb. 8, 2002): 42 U.S.C. § 1983 action. Dismissed voluntarily without prejudice.

9
***Rueb v. Adams County***, No. 03-cv-01024-ZLW (D. Colo. Sept. 11, 2003): 42 U.S.C. § 1983 action. Complaint and action dismissed without prejudice for failure to prosecute.

10
***Rueb v. Adams County***, No. 04-cv-02245-ZLW (D. Colo. Apr. 11, 2005): 42 U.S.C. § 1983 action. Complaint and action dismissed without prejudice for failure to prosecute.

11
***Rueb v. Colorado Dep't of Corrections***, No. 04-cv-02246-ZLW (D. Colo. Apr. 11, 2005): 42 U.S.C. § 1983 action. Complaint and action dismissed without prejudice for failure to comply with order for amended complaint and to show cause. Appeal dismissed for failure to prosecute. *See* No. 05-1242 (10th Cir. Oct. 7, 2005).

12
***Rueb v. Adams County***, No. 05-cv-02550-ZLW (D. Colo. Feb. 22, 2006): 42 U.S.C. § 1983 action. Complaint dismissed without prejudice for failure to comply with order for amended complaint and for failure to prosecute.

13
***Rueb v. Reed***, No. 05-cv-02551-ZLW (D. Colo. Feb. 22, 2006): 42 U.S.C. § 1983 action. Complaint dismissed without prejudice for failure to comply with order for amended complaint and for failure to prosecute.

14
***Rueb v. California Dep't of Corrections***, No. 07-cv-00685-ZLW (D. Colo. May 4, 2007): 28 U.S.C. § 2254 habeas corpus application action. Application denied and action dismissed without prejudice for failure to comply with order for amended application that complied with pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

15
***Rueb v. California Dep't of Corrections***, No. 07-cv-01590-ZLW (D. Colo. Sept. 20, 2007): 28 U.S.C. § 2254 habeas corpus action. Application transferred from United States District Court for the Central District of California denied, and action dismissed.

16
***Rueb v. Zavaras***, No. 09-cv-00072-LTB (D. Colo. July 16, 2009). 42 U.S.C. § 1983 action. Order entered denying class certification and permissive joinder (ECF No. 113),

dismissing Plaintiffs other than Mr. Rueb, and requiring Mr. Rueb to submit second amended complaint. Amended complaint and action dismissed without prejudice for failure to comply with order for second amended complaint that complies with pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and for failure to prosecute. Dismissal affirmed. *See* No. 09-1313 (10th Cir. Apr. 9, 2010).

17
***Rueb v. Zavaras***, No. 09-cv-02817-RBJ-MEH (D. Colo. Sept. 28, 2011): 42 U.S.C. § 1983 action. Plaintiff ordered to show cause (ECF No. 165) in writing no later than September 1, 2011, as to why this lawsuit should not be dismissed for failure to prosecute or as a sanction pursuant to Fed. R. Civ. P. 41(b) or otherwise for failure to comply with the duly issued orders of the Court. Plaintiff specifically cautioned that failure to show good cause may result in the imposition of sanctions, including but not limited to dismissal with prejudice. Dismissed with prejudice September 28, 2011 (ECF No. 173).

18
***Rueb v. Zavaras***, No. 10-cv-02725-BNB (D. Colo. filed Nov. 8, 2010): 42 U.S.C. § 1983 action. Permissive joinder denied (ECF No. 4), and Plaintiffs other than Mr. Rueb dismissed. Plaintiff ordered to show cause (ECF No. 32) why the instant action should not be dismissed with prejudice for failure to comply with order for amended complaint as directed. Plaintiff specifically cautioned that failure to show cause to the Court's satisfaction may result in sanctions being imposed against him, including but not limited to dismissal of the instant action with prejudice.

19
***Rueb v. Zavaras***, No. 10-cv-02726-BNB (D. Colo. filed Nov. 8, 2010): 42 U.S.C. § 1983 action. Permissive joinder denied (ECF No. 4), and Plaintiff other than Mr. Rueb dismissed. Plaintiff ordered to show cause (ECF No. 29) why the instant action should not be dismissed with prejudice for failure to comply with order for amended complaint as directed. Plaintiff specifically cautioned that failure to show cause to the Court's satisfaction may result in sanctions being imposed against him, including but not limited to dismissal of the instant action with prejudice.

20
***Rueb v. Zavaras***, No. 10-cv-02727-BNB (D. Colo. filed Nov. 8, 2010): 42 U.S.C. § 1983 action. Permissive joinder denied (ECF No. 4), and Plaintiffs other than Mr. Rueb dismissed. Plaintiff ordered to show cause (ECF No. 31) why the instant action should not be dismissed with prejudice for failure to comply with order for amended complaint as directed. Plaintiff specifically cautioned that failure to show cause to Court's satisfaction may result in sanctions being imposed against him, including but not limited to dismissal of the instant action with prejudice.

21
***Rueb v. Brown***, 10-cv-03071-RBJ-MEH (D. Colo. filed Dec. 17, 2010): 42 U.S.C. § 1983 complaint filed, and dismissed in part (ECF No. 5). Plaintiff ordered to show cause (ECF No. 41) in writing no later than August 5, 2011, as to why this Court should

not recommend Defendants' motion to dismiss (ECF No. 28) be granted and Plaintiff's remaining claim be dismissed because the Court instructed Plaintiff to respond to the motion to dismiss on or before June 3, 2011 (ECF No. 31), at Plaintiff's request (ECF No. 33) permitted an extension of time up to and including July 5, 2011, to respond (ECF No. 35). Plaintiff failed to file a response or request a second extension of time in which to do so. Recommendation entered August 11, 2011, that motion to dismiss be granted, and Plaintiff's remaining claim be dismissed with prejudice. Plaintiff allowed up to and including October 3, 2011, in which to file an objection to the recommendation. Amended status report filed October 4, 2011 (ECF No. 54).